**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |  |
|---|---|---|
| **STEVEN SEARS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 8:17-cv-2350-T-27AEP** |
| | ) | |
| **PAW MATERIALS, INC.,** | ) | |
| **a Florida profit corporation.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Plaintiff STEVEN SEARS ("Sears") and Defendant PAW MATERIALS, INC. ("PAW"), (together, the "Parties"), by and through their respective undersigned counsel, respectfully request that this Honorable Court approve the Parties' settlement of the claims brought by Plaintiff in this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"). In support of their joint motion, the Parties state as follows:

**Statement of Facts and Summary of Proceedings**

Plaintiff worked for Defendant in Pasco County as an hourly-paid Equipment Operator from March 2, 2015 to February 17, 2017, last earning $15.00 per hour. Plaintiff brought this action against Defendant seeking, *inter alia*, alleged unpaid overtime wages and liquidated damages under the FLSA (the "FLSA claims"). The Parties agreed to settle

the entire case, and now request this Court's approval of the settlement of Plaintiff's FLSA claims.

Although Defendant denies liability, counsel for the Parties agreed to exchange documents and other information in order to accurately assess the viability of Plaintiff's FLSA claims and the strength of any defenses to same.  After careful consideration, the Parties determined that settlement of Plaintiff's FLSA claims would be favorable to both sides instead of litigation.  Thus, the parties entered into settlement discussions and ultimately reached agreement as to all material terms of the settlement as set forth in the Settlement Agreement and Release of FLSA Claims (the "Agreement"), a copy of which is attached hereto as Exhibit "A."

Under the Agreement, without admitting liability, Defendant agrees to pay the total amount of $11,500.00, including payment to Plaintiff of $8,000.00 as overtime wages and liquidated damages; and $3,500.00 to Plaintiff's counsel for attorney's fees and costs, which were negotiated separately.  The Parties expressly agreed to jointly submit the Agreement to the Court requesting the Court's approval of the FLSA settlement.

## Argument and Citation of Authority

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA.  *See Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982)(holding claims for back wages arising under the FLSA may be settled or

compromised only with the approval of the Court or the Secretary of Labor).  Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it."  *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013)(*citing Lynn's Food Stores*, 679 F.2d at 1352-54). Accordingly, the Parties are submitting a copy of the Agreement for the Court's review, ratification, and approval.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Stores*, 679 F.2d at 1355.  If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

I.  **Approval of Payment to Plaintiff.**

There is a strong presumption in favor of finding a settlement fair.  *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994)(noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").  In determining whether the settlement is fair, adequate, and reasonable, courts may (but are not required to) examine the following factors that are

also used in approving the settlement of class actions under Federal Rule of Civil

Procedure 23:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n.6 (11th Cir.

1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl-28GJK, 2009 WL

347418 at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Fla.*, No. 6:04-cv-

1722-Orl-28JGG, 2006 WL 3614925 at *3 (M.D. Fla. Dec. 11, 2006).  In this case, an analysis

of the above-listed factors strongly supports approval of the settlement.

    As an initial matter, the settlement is the ultimate result of arms-length

negotiations by the Parties who were well represented by counsel and made aware of all

potential outcomes by counsel, and represents a compromise between the legal positions

taken by the Parties in this litigation.  The settlement is fair, the payment to Plaintiff is

equitable, and there is no evidence of collusion.

    In addition, the Agreement allows Plaintiff to make a recovery now, without

suffering the delay and risk of litigating his claims.  In this case, further litigation, including

continued discovery and depositions, anticipated cross-motions for summary judgment,

and potential appeals, could drag on for years and require the expenditure of a

tremendous amount of resources.  Thus, the settlement satisfies the complexity, expense, and likely duration of the litigation element of the analysis.

Likewise, counsel for the Parties exchanged information regarding Plaintiff's pay history while employed with Defendant.  As a result of these efforts, the Parties have had sufficient information upon which to assess the potential merit of each claim, ultimate liability, and the apparent risk of proceeding to trial.

As for the probability of Plaintiff's success on the merits of his claims, Defendant adamantly maintains that Plaintiff was properly compensated in compliance with the FLSA and all other applicable laws.  Conversely, Plaintiff asserts that Defendant failed to compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which he was employed in violation of the FLSA's overtime requirements. The Parties, therefore, disagree on the probability of Plaintiff's success on the merits both as to liability and damages and the range of possible recovery.  "[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

Based on what the Parties learned through the discussions of counsel and the exchange of information, the Parties negotiated a fair settlement for Plaintiff.  The settlement provides Plaintiff with a recovery greater than the maximum possible measure of damages that Defendant contends Plaintiff could ever be awarded in this case but less

than the maximum possible measure of damages that Plaintiff contends he could be awarded.  Therefore, Plaintiff's recovery is within the range of possible recovery amounts that should be approved as fair.  By settling, Plaintiff avoids the risks of not establishing liability at trial and the possibility of an adverse cost judgment under Fed. R. Civ. P. 54, avoids substantial and indefinite delay in payment involved in having to wait for trial and any appeals, and avoids potential adverse determinations on damages such as rejection or reduction of the hours claimed or reduction of the calculation of overtime damages and/or liquidated damages arising from the number of overtime hours proven. Defendant's and Plaintiff's counsel therefore recommended acceptance of this settlement.

## II.    Approval of Payment of Attorney's Fees.

The Agreement provides that Defendant shall pay Plaintiff's attorney's fees and costs in the amount of $3,500.00, to be approved by this Court. This is an individual overtime case rather than a collective action under the FLSA, and the Agreement specifically provides for a payment amount to Plaintiff for his alleged damages, and to Plaintiff's counsel for attorney's fees and costs incurred in this action.  Therefore, as a district court within this Circuit recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review

is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorney's fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

Moreover, because Defendant has agreed to and does not oppose the amount or reasonableness of the attorney's fees to be paid to Plaintiff's counsel, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Plaintiff's counsel or the amount of the total fees incurred. *See Dail,* 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs."). If, however, the Court requires a fee petition or other submission for the purposes of conducting a lodestar cross-check on the attorney's fees and costs to be paid to Plaintiff's counsel in this settlement, Plaintiff respectfully requests the opportunity to supplement this joint motion with the required submittal.

## Conclusion

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court approve the Agreement attached hereto as Exhibit "A."

Respectfully submitted this 14th day of May 2018.

*/s/ Noah E. Storch (by JCLC)*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler, Esq.
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: noah@floridaovertimelawyer.com
E-Mail: richard@floridaovertimelawyer.com

Attorneys for Plaintiff STEVEN SEARS

*/s/ Juan C. Lopez-Campillo*
Juan C. Lopez-Campillo, Esq.
Florida Bar No. 0139785
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON &
ZIMET, LLP
121 S. Orange Ave., Suite 1500
Orlando, FL 32801
Telephone: (407) 730-3535
Facsimile: (407) 730-3540
E-Mail: jlopez@cmlawfirm.com

Attorneys for Defendant PAW MATERIALS,
INC.

Exhibit "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| STEVEN SEARS,<br><br>         Plaintiff,<br><br>vs.<br><br>PAW MATERIALS, INC.,<br>a Florida profit corporation.<br><br>         Defendant. | )<br>)<br>)<br>)<br>)  Case No. 8:17-cv-2350-T-27AEP<br>)<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between STEVEN SEARS ("Plaintiff") and PAW MATERIALS, INC. ("Defendant").

WHEREAS, Plaintiff through the above-referenced case alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, Defendant denies any violation of the FLSA as it regards Plaintiff, and, in fact, assert that it has at all times complied with the FLSA in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the above-entitled matter are hereby resolved as follows:

1.  **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2.  **ACKNOWLEDGMENTS**. Plaintiff acknowledges that the estimation of unpaid overtime compensation made in his Initial Disclosures was made without reviewing the time sheets, payroll records, and other documents produced by Defendant in this action.  Having had the benefit of reviewing the time sheets, payroll records, and other documents produced by Defendant in this action, Plaintiff acknowledges that he overestimated the amounts due in unpaid overtime compensation in his Initial Disclosures.  Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of his FLSA claims against Defendant.

3.  **RELEASE OF FLSA CLAIMS**.

    a.  This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendant.

    b.  Plaintiff hereby knowingly and voluntarily releases Defendant; its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers; and its past and present directors, officers, managers, shareholders, members, employees, agents, insurers, insurance adjusters, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, insurance adjusters, and attorneys (collectively "Releasees"); of and from any and all claims arising under the FLSA

2

against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.  This release does not include the waiver of claims by Plaintiff of any claims other than his FLSA claims.

4.  **CONSIDERATION.**

a.  If: (1) Plaintiff executes this Agreement; and (2) the presiding U.S. District Judge approves this Agreement and dismisses Plaintiff's FLSA claims with prejudice, then, in consideration of the matters set forth herein, Defendant shall pay to Plaintiff the total gross sum of Eleven Thousand Five Hundred Dollars ($11,500.00)(hereinafter the "Settlement Sum"), less applicable deductions as described below.  Such Settlement Sum shall be allocated as follows:

- $4,000.00 made payable to Steven Sears, as and for overtime compensation allegedly due to Plaintiff pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Plaintiff;

- $4,000.00, made payable to Steven Sears, as and for liquidated damages allegedly due to Plaintiff pursuant to the FLSA, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Plaintiff; and

- $3,500.00, made payable to Richard Celler Legal, P.A., as payment of attorneys' fees and costs incurred in connection with Plaintiff's claims under the FLSA, and for which separate IRS Forms 1099 shall issue to Plaintiff and Richard Celler Legal, P.A..

Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph except for his execution of this Agreement, including the Release of FLSA Claims contained herein, and his fulfillment of the promises contained herein.

3

b.      Defendant makes no representation as to the taxability of the amounts paid to Plaintiff.  Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or his attorneys under the terms of this Agreement.

5.      **AFFIRMATIONS**.

a.      Plaintiff affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with his claims for overtime compensation against Defendant.

b.      Plaintiff affirms that as of the date he signs this Agreement, he is not Medicare eligible (*i.e.*, is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.).  Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Plaintiff.  Plaintiff agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees

4

under this paragraph.  Further, Plaintiff agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

6.     **NO ADMISSION**.   Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA.  This Agreement represents the compromise of disputed and contingent claims.

7.     **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges he is aware he is giving up all FLSA claims he may have against the Releasees.  Plaintiff acknowledges he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.  In fact, Plaintiff acknowledges that he has consulted with his counsel of record, Richard Celler Legal, P.A., prior to executing this Agreement.  Plaintiff signs this Agreement voluntarily.

8.     **WAIVER OF JURY TRIAL**. **Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the FLSA claims asserted in the above-referenced case.**

9.     **SEVERABILITY**.  Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall

immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

10. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Middle District of Florida, Tampa Division.

11. **ENTIRE AGREEMENT AS TO FLSA CLAIMS.** This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the FLSA claims. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

12. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _May 2_, 2018             STEVEN SEARS

_____

STATE OF FLORIDA    )

COUNTY OF _Pasco_   )

SWORN TO AND SUBSCRIBED before me this _2_ day of _May_, 2018, by STEVEN SEARS, who is personally known to me or has produced _FL Drivers License_ as identification.

_____
(Notary Signature)

Susan L. Weisberg
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _FF118258_

SUSAN L. WEISBERG
Notary Public - State of Florida
My Comm. Expires Aug 30, 2018
Commission # FF 118258

Dated: _May 4_, 2018             PAW MATERIALS, INC.

By: _____

7